THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID MCCOY, | ) |
|     *Plaintiff*, | ) ) ) |
| v. | ) ) Case No. 1:25-cv-3531 |
| YELP INC., | ) ) ) |
|     *Defendant.* | ) ) ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF YELP'S MOTION TO DISMISS**

Defendant Yelp Inc. moves to dismiss the Complaint of Plaintiff David McCoy, which asserts various claims for discrimination and retaliation under the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA") and the D.C. Human Rights Act, § 2-1401 *et seq*. ("DCHRA"). As McCoy's claims are either time-barred or lack the requisite elements, the Complaint should be dismissed in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.    PRELIMINARY STATEMENT**

Yelp assumes McCoy's factual allegations as true for the purposes of this Motion only. McCoy's Complaint provides scant details: McCoy alleges that Yelp hired McCoy as Account Executive—a sales role—in January 2019. Compl. ¶ 4. In late 2021, McCoy underwent chemotherapy for cancer, and in October 2022, experienced a recurrence. *Id.* ¶¶ 8-9. McCoy then alleges that he "experienced significant breathing difficulties while on the telephone" and that on October 12, he "informed his manager that he could not breathe on calls." *Id.* ¶ 9. On October 22, 2022, Yelp terminated McCoy. *Id.* ¶ 10. McCoy alleges that Yelp informed him he was terminated because "he could not perform the job due to cancer." *Id.*

1

Nearly three years later—on May 7, 2025—McCoy submitted a rehire application for an Account Manager position, and completed both a phone and a video interview. *Id.* ¶ 16. Two days later, Yelp informed McCoy that he was not selected for the role. *Id.* ¶ 18. McCoy contends that Yelp's failure to hire him was motivated by both "disability bias" and retaliation (for unspecified "requests for accommodation" as well as "participation as a witness in another matter adverse to Yelp"). *Id.* ¶ 20. McCoy brings four claims: Wrongful Termination pursuant to the DCHRA (Count I), Disability Discrimination in Hiring pursuant to the DCHRA and ADA (Count II); Failure to Hire Because of Disability Discrimination pursuant to the DCHRA and ADA (Count III); and Retaliation pursuant to the DCHRA and ADA (Count IV).

All claims fail. *First*, McCoy's wrongful termination claim (Count I) is barred by the DCHRA's one-year statute of limitations, and McCoy has shown no "extraordinary circumstances" that warrant equitable tolling. *Second*, McCoy's wrongful termination and wrongful failure-to-hire claims (Counts I-III) fail because McCoy does not allege, as he must, that he was a "qualified individual." *Third*, McCoy's retaliation claim (Count IV) fails because McCoy supplies no facts from which the Court may infer the necessary element of causation.

## II.   ARGUMENT

### A. The Court Need Not Accept Plaintiff's Conclusory Allegations

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to plead a set of facts which, if true, would entitle the complainant to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond a speculative level; "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286

(1986)). The Court need not accept as true legal conclusions masquerading as factual allegations. *Iqbal*, 556 U.S. at 678. In other words, "a complaint needs *some* information about the circumstances giving rise to the claims." *Badibanga v. Howard Univ. Hosp.*, 679 F. Supp. 2d 99, 101 (D.D.C. 2010) (quoting *Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original))

### B. McCoy's Wrongful Termination Claim (Count I) Is Time-Barred

Based on the alleged facts, McCoy's claim for wrongful termination is time-barred. The DCHRA has a one-year statute of limitations. *See* DCHRA § 2-1403.16 ("A private cause of action pursuant to this chapter shall be filed in a court of competent jurisdiction within one year of the unlawful discriminatory act."). Yelp terminated McCoy in October 2022, thus making McCoy's wrongful termination claim nearly two years late.

Equitable tolling does not apply. "'[E]quitable tolling is warranted only if a plaintiff 'shows (1) that [he] has been pursuing [his] rights diligently, and (2) that some extraordinary circumstance stood in [his] way and prevented timely filing.'" *Braxton v. First Transit*, 322 F. Supp. 3d 110, 116 (D.D.C. 2018) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)); *see also Smith-Haynie v. Dist. of Columbia*, 155 F.3d 575, 579-80 (D.C. Cir. 1998) ("The court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances."). "This 'weighty burden' rests on the plaintiff even at the motion to dismiss stage." *Id.* (rejecting argument that medical condition warranted equitable tolling). Equitable relief is granted only "sparingly"; for example, when "a claimant has received inadequate notice, where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, where the court has led the plaintiff to believe that she had done everything required of her, or where affirmative misconduct on the part

of a defendant lulled the plaintiff into inaction." *Davis v. Vilsack*, 880 F. Supp. 2d 156, 161 (D.D.C. 2012).

McCoy fails to meet his "weighty burden" of showing that equitable tolling is warranted here, as he supplies no facts to show either that he "diligently pursued his rights" or that some "extraordinary circumstance" *prevented him* from filing. *Braxton*, 322 F. Supp. at 116. Courts in this Circuit have routinely found that a "bare assertion of health problems does not rise to the extraordinary level." *Id.*; *see also Horsey v. U.S. Dep't of State*, 170 F. Supp. 3d 256, 267 (D.D.C. 2016) (plaintiff's statement that his father had terminal illness was "manifestly insufficient" to establish that equitable tolling was warranted); *Miller v. Rosenker*, 578 F. Supp. 2d 67, 72 (D.D.C. 2008) (plaintiff's statement that he was "physically and psychologically incapacitated" during the relevant timeframe insufficient to establish that equitable tolling was warranted); *Speiser v. U.S. Dept. of Health & Human Services*, 670 F. Supp. 380, 385 (D.D.C. 1986) (hospitalization, depression insufficient for equitable tolling where plaintiff never "let someone else handle her affairs"). McCoy's assertion of cancer treatment and recovery lacks any alleged facts relating to timing, duration, effect, or nature of any alleged incapacity. Compl. ¶ 12. While McCoy's recovery from his illness was no doubt difficult, it is not the "extraordinary circumstance" that equitable tolling intends to address.

Likewise, McCoy's allegation that equitable tolling is warranted because Yelp allegedly told him that he could "contact HR to initiate reemployment" also fails. Compl. ¶ 13. As he alleges elsewhere in the Complaint (e.g., ¶ 15), McCoy did contact Yelp about reemployment. McCoy does not allege (and cannot plausibly allege) that in 2022 Yelp guaranteed him reemployment at some indefinite future time. Further, he does not and cannot allege that Yelp's alleged statement

was an extraordinary circumstance that prevented his filing. McCoy's wrongful termination claim is time-barred and should be dismissed.[1]

### C. McCoy's Wrongful Termination and Wrongful Failure-to-Hire Claims Fail Because McCoy Does Not Allege That He Was a "Qualified Individual"

McCoy's claims for wrongful termination (Count I) and wrongful failure-to-hire (Counts II and III)[2] also fail for a separate and independent reason: he does not allege that he was *qualified* for either job. That omission is fatal to both claims.

To state a disability discrimination claim under the ADA or the DCHRA, a plaintiff must establish that: "(1) she has a disability within the meaning of the statute, (2) she was qualified for a position with or without reasonable accommodations, and (3) she suffered an adverse personnel action because of her disability." *Epps v. Potomac Elec. Power Co.*, 389 F. Supp. 3d 53, 62 (D.D.C. 2019). A "qualified individual" is one whom, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Badwal v. Bd. of Tr. of the Univ. of the Dist. of Columbia*, 139 F. Supp. 3d 295, 310 (D.D.C. 2015) (quoting 42 U.S.C. § 12111(8)). "Thus, an individual who is incapable of performing the essential functions of the desired employment position is not a 'qualified individual.'" *Id*.

---

[1] The out-of-circuit decision that McCoy cites in his Complaint is not relevant here. *See Cantrell v. Knoxville Cmty. Dev. Corp.*, 60 F.3d 1177 (6th Cir. 1995). In *Cantrell*, the Sixth Circuit remanded the case to the District Court for a factual determination concerning his attorney's mental capacity, noting that "if [the plaintiff] pursued his claim diligently, yet was abandoned by his attorney due to his attorney's mental illness, equitable tolling may be appropriate." *Id. Cantrell* does *not* stand for the proposition that a party's own illness warrants equitable tolling.

[2] The Complaint alleges both "Disability Discrimination in Hiring" under the ADA and DCHRA (Count II) and "Failure to Hire Because of Disability" under the ADA and DCHRA (Count III). Counts II and III are essentially the same claim, and so Yelp analyzes them concurrently.

McCoy neither alleges that he was "qualified" for the role of Account Executive, nor does he identify a reasonable accommodation that would have allowed him to perform his job. To the contrary, the Complaint makes clear that McCoy was unqualified for the role. The Complaint states that in 2022, McCoy "experienced significant breathing difficulties while on the telephone" and that after he "informed his manager that he could not breathe on calls, Human Resources instructed him to stop making dials." Compl. ¶ 9. These facts establish that he was incapable of performing the essential functions of the Account Executive position, which is fundamentally a telephonic sales job. McCoy pleads himself out of court by admitting he could not perform the job's essential functions. *Badwal*, 139 F. Supp. 3d at 311 (dismissing disability discrimination claims where plaintiff "pled himself out of court" because "[t]he Court cannot draw an inference that stands in direct conflict with the facts as alleged in the complaint where the plaintiff makes plain that he was 'physically incapable' of performing" the job); *see also Saunders v. Galliher and Huguely Associates, Inc.*, 741 F. Supp. 2d 245, 249 (D.D.C. 2010) (dismissing disability discrimination claim where complaint indicated that plaintiff could not "perform the essential elements of his job as a truck driver and fork-lift operator" and failed to identify "any reasonable accommodation that would allow him to do so.").

Likewise, McCoy's boilerplate allegation that was "qualified" for the role of Account Manager is insufficient to state a claim in the face of directly contrary allegations. *See Baron v. Dulinski*, 928 F. Supp. 2d 38, 42 (D.D.C. 2013) (granting defendants' motion to dismiss plaintiff's disability discrimination claim where complaint's allegations made clear that plaintiff was incapable of performing the essential functions of her job). Accordingly, McCoy's disability discrimination claims must be dismissed.

### D. McCoy's Retaliation Claim Fails Because He Does Not Allege Causation

Lastly, McCoy's claim for retaliation (Count IV) fails because he pleads no facts to support an inference of causation. To state a prima facie case for retaliation under either the DCHRA or ADA, a plaintiff must allege that "she engaged in protected activity, that she suffered an adverse action, and that a causal link connects the two." *Congress v. Dist. of Columbia*, 277 F. Supp. 3d 82, 89 (D.D.C. 2017). A plaintiff's failure to allege "facts from which retaliatory animus can be inferred" warrants dismissal. *Short v. D.C. Dep't of Corr.*, No. 23-CV-261, 2024 WL 1213769, at *8 (D.D.C. Mar. 20, 2024) (dismissing ADA retaliation claim for failure to allege causation).

The element of causation "may be established either by direct evidence or by inference." *Baker-Notter v. Freedom Forum, Inc.*, No. 18-CV-2499, 2019 WL 4601726, at *7 (D.D.C. Sept. 23, 2019) (dismissing retaliation claim where plaintiff "suggested neither a direct connection nor enough facts to infer a motive"). McCoy alleges neither. His retaliation allegations consist of only two conclusory statements: (i) that he "engaged in protected activity by requesting accommodations and medical leave during his employment, and by participating as a witness in a matter adverse to Yelp," and (ii) that Yelp retaliated against McCoy "by refusing to rehire him in May 2025." Compl. ¶¶ 31, 32. But McCoy provides no dates, context, or other detail that would allow the Court to plausibly infer any causal connection between the alleged protected activity and adverse action. "It is well-established that this kind of formulaic recitation of a cause of action's elements will not do when it comes to defending against a Rule 12(b)(6) motion." *Baker-Notter*, 2019 WL 4601726, at *7; *see also Beaulieu v. Barr*, No. 15-CV-896, 2019 WL 5579968, at *6 (D.D.C. Oct. 29, 2019) (dismissing retaliation claim where plaintiff "pleads no facts relevant to the timing, content, or other context of her disclosures for the Court to plausibly infer that they motivated Defendants to retaliate against her in some way").

In sum, because McCoy's retaliation allegations lack factual detail, they cannot support an inference of causation sufficient to state a claim. *See Congress*, 277 F. Supp. 3d at 89 (dismissing retaliation claim because the complaint "provides no indication of any connection between her firing" and protected activity). Thus, McCoy's retaliation claim must be dismissed as well.

## CONCLUSION

For the foregoing reasons, Defendant Yelp Inc. respectfully requests that the Complaint be dismissed in its entirety.

Dated: October 9, 2025                     Respectfully submitted,


/s/ Serine Consolino
Serine Consolino (Bar No. 1033847)
Sherry Yu (pro hac vice forthcoming)
AEGIS LAW GROUP LLP
801 Pennsylvania Avenue, N.W., Suite 740
Washington, D.C. 20004
Tel: (202) 737-3373
Fax: (202) 735-5071
sconsolino@aegislawgroup.com
syu@aegislawgroup.com

*Counsel for Defendant Yelp Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2025, I caused the foregoing document to be sent by email and first-class United States mail, postage pre-paid, to Plaintiff's counsel at the following address:

John L R Poindexter<br>
1629 K Street NW Suite 300<br>
Washington, DC 20006<br>
John@poindexterlawfirm.com

/s/ Serine Consolino