UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**DAVID MCCOY,**

    Plaintiff,

       v.                                           No. 25-cv-3531-ZMF

**YELP INC.,**

    Defendant.

## STANDING ORDER

It is the responsibility of the parties, counsel, and the Court to "secure the just, speedy, and inexpensive determination of every action and proceeding" in federal court. Fed. R. Civ. P. 1. To ensure that this case is resolved fairly and without undue cost or delay, it is hereby **ORDERED** that the parties read and comply with the following directives:

1. **Local Civil Rules**

   Counsel shall familiarize themselves with the Local Civil Rules, which are available at https://www.dcd.uscourts.gov/court-info/local-rules-and-orders/local-rules. Absent order of the Court, the parties shall comply with the Local Civil Rules in all respects.

2. **Contact Information**

   All counsel and pro se parties shall ensure that their phone number, current mailing address, and email address are correctly listed on the Court's docket. Any counsel or pro se party whose contact information changes while this case is pending shall immediately file a notice with their updated information. If the Court is unable to contact counsel or a pro se party due to a failure to comply with this requirement, the Court may dismiss the action for failure to prosecute or take other appropriate action.

3. **Service**

   The plaintiff(s) must promptly serve the complaint on the defendant(s), in accordance with Federal Rule of Civil Procedure 4; file proof of service, in accordance with Local Rule 5.3; and ensure that all parties receive a copy of this Standing Order. For in forma pauperis plaintiffs, officers of the Court will ensure that service on the defendant(s) is properly effected. *See* 28 U.S.C. § 1915(d).

4. **Removed Actions**

A defendant removing an action to this Court must refile as a supplement to the petition any answer and must promptly ensure that all parties receive a copy of this Standing Order. Any pending motion at the time of removal must be refiled in this Court by the party seeking relief for the motion to be considered. *See* Fed. R. Civ. P. 81(c)(2). Counsel for the plaintiff shall promptly enter her appearance before this Court.

5. **Disclosure Certificates**

To facilitate the Court's determination of the need for recusal, counsel of record for any party or intervenor that is a corporation shall file, in accordance with Federal Rule of Civil Procedure 7.1 and Local Rules 7.1 and 26.1, a certificate listing any parent corporation, subsidiary or affiliate, which to the knowledge of counsel has any outstanding securities in the hands of the public, or any publicly held corporation owning 10% or more of its stock. Such certificate shall be filed at the time of filing the party's first pleading. Counsel shall have the continuing obligation to advise the Court of any change.

6. **Communications with Chambers**

The parties may not contact chambers by telephone. If extraordinary circumstances or emergencies so require, counsel may contact chambers <u>jointly</u> via telephone conference. Chambers will not provide legal advice of any kind.

7. **Duty to Confer**

   a. <u>Timing</u>. Generally, the parties must meet and confer after any defendant first files an answer. *See* Fed. R. Civ. P. 26(f). The parties must file the Joint Meet and Confer Report required by Local Rule 16.3(d) *within thirty days* after *any* defendant files an answer or, if dispositive motions are filed pursuant to Federal Rule of Civil Procedure 12(b), *within fourteen days* after resolution of dispositive motions, unless the Court orders otherwise. Later-served or joined parties are required to comply with the latest Scheduling Order, unless, upon motion, they seek modification of the Order.
   b. <u>Report Contents</u>. The Joint Meet and Confer Report in cases subject to Local Rule 16.3(d) must address all matters listed in Federal Rules of Civil Procedure 26(f)(2) & (3) and Local Rule 16.3(c), and must also include:
      i. a brief statement describing the nature of the case and the statutory basis of the Court's jurisdiction for all causes of action and defenses;
      ii. a proposed scheduling order in accordance with Local Rule 16.3(d); and
      iii. any request for a conference with the Court before entry of the Scheduling Order.
   c. <u>Exceptions</u>. Notwithstanding the exemption from the Joint Meet and Confer Report for certain cases, *see* Fed. R. Civ. P. 26(a)(1)(B), (f); LCvR 16.3(b), the following categories of cases may submit an abbreviated Joint Meet and Confer Report as explained below:
      i. *Cases Involving Judicial Review of Agency Action*: Counsel for the parties shall jointly prepare and submit a report to the Court within fourteen days after any defendant files an answer proposing a schedule for the filing the administrative record and any motions.
      ii. *FOIA Cases*: In any action arising under the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552, counsel for the parties shall jointly prepare and submit a report to the Court within fourteen days after any defendant files an answer indicating whether the agency has made a final determination "whether to comply" with any FOIA request at issue. *Id.* § 552(a)(6)(A)(i).
   a. If a final determination has been made, the parties shall propose a schedule for the filing of dispositive motions.
   b. If no final determination has been made, the joint report shall contain (1) the defendant's estimated date of a final determination; (2) a proposed schedule for production of responsive records; and (3) a proposed schedule for the filing of dispositive motions.

8. **Initial Status Conference and Issuance of Scheduling Order**

After submission of the Joint Meet and Confer Report, the Court may schedule an initial status conference to address matters not addressed or agreed upon by the parties. The Court will then issue a Scheduling Order governing proceedings in the case. *See* Fed. R. Civ. P. 16(b); LCvR 16.4.

9. **Electronic Filing**

   a. General Rule. Except as otherwise provided in Local Rule 5.4, all filings must be made through the Court's CM/ECF system.
   b. Pro se Parties. A pro se party may obtain a CM/ECF password from the Clerk with leave of Court. To obtain leave of Court, the pro se party must file a written motion entitled "Motion for CM/ECF User Name and Password," describing the party's access to the internet, confirming the capacity to file documents and receive the filings of other parties electronically on a regular basis, and certifying that the party either has successfully completed the entire Clerk's Office online tutorial or has been permitted to file electronically in other federal courts.
   c. Sealing. Instructions for filing sealed documents in non-sealed cases are available at http://dcd-dev.jdc.ao.dcn/sites/dcd/files/AttySealedCivilREVMay2014.pdf.
   d. Timeliness. The Court may take into consideration technical difficulties experienced by a filer when presented a late filing. However, parties who wait until the last minute to begin filing are warned that technical difficulties do not necessarily constitute "good cause" or "excusable neglect" justifying an extension of the applicable deadline(s). Fed. R. Civ. P. 6(b). Further, no allowance can be made for late filing documents whose time limits are jurisdictional.
   e. Assistance with CM/ECF. Chambers cannot assist with questions about CM/ECF. Inquiries should be made to the CM/ECF Help Line at (202) 354-3190.

10. **Discovery**

   a. Discovery Material. Discovery material shall not be filed with the Court unless so ordered. *See* LCvR 5.2(a).
   b. Discovery Disputes. Counsel are referred to LCvR 26.2 and are expected to comply fully with its directives. Before bringing a discovery dispute to the Court's attention, the parties shall confer in good faith in an attempt to resolve the dispute informally. *See*

    Fed. R. Civ. P. 26(c), 37; LCvR 7(m). If the parties are unable to resolve the dispute informally, they shall jointly email Chambers (Faruqui_Chambers@dcd.uscourts.gov), providing a clear, concise description of the issues in dispute and proposing dates and times for a teleconference. **Counsel shall not file any discovery-related motion without a prior telephone conference with the Court and opposing counsel.**

  c. <u>Depositions</u>. Counsel must adhere to the following guidelines when taking a deposition:
    i. All counsel must conduct themselves in a civil, polite, and professional manner. The Court will not countenance incivility or other behavior during the deposition demonstrating that the examination is being conducted in bad faith or to simply annoy, embarrass, or oppress the deponent.
    ii. Counsel for the deponent shall refrain from gratuitous comments and from directing the deponent as to times, dates, documents, testimony, and the like.
    iii. Counsel shall refrain from objecting in any manner other than stating an objection for the record followed by a word or two describing the legal basis for the objection.
    iv. Counsel shall refrain from directing the deponent not to answer any question except for reasons that conform to Federal Rule of Civil Procedure 30(c)(2).
    v. Counsel shall refrain from engaging in dialogue on the record during the deposition.
    vi. Counsel for any party or person given notice of the deposition may call for suspension of the deposition on the grounds that these conditions are not being adhered to and may immediately apply to the Court for a ruling and remedy.

11. **Amended Pleadings or Other Filings**

Any amended or proposed amended pleadings or other filings must be accompanied by a redline comparison between the original and the amended filing or proposed amended filing.

12. **Motions Generally**

  a. <u>Tables</u>. Every memorandum of points and authorities that is ten pages or longer in length must contain a Table of Contents and Table of Authorities, regardless of whether it is filed in support of or in opposition to a motion.
  b. <u>Exhibits</u>. Each submission that attaches more than one exhibit shall contain a lettered or numbered index of exhibits that identifies the contents of the document or material contained therein. Exhibits shall be edited properly to exclude irrelevant material and to direct the Court's attention to the pertinent portions thereof. Each exhibit should be uploaded as a separate attachment to the main document. Any non-conforming submissions may not be accepted.
  c. <u>Signature</u>. Every pleading or paper, regardless of whether it is signed by an attorney or a pro se party, shall contain the name, address, telephone number, and, for an attorney, bar identification number, of the signer. Where counsel is appearing *pro hac vice*, the signature block shall so indicate.
  d. <u>Penalties</u>. The Court may reject any filing that, without leave, is filed out of time or exceeds the page limitations established by the Local Rules or an order of this Court.

    e. <u>Responses</u>. If counsel fails to file a memorandum of points and authorities in opposition to a given motion, the Court may treat the motion as conceded. *See* LCvR 7(b). Similarly, if counsel fails to respond to arguments in opposition papers, the Court may treat those specific arguments as conceded. *See Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 201 (D.D.C. 2009).

    f. <u>Sur-Replies</u>. A party may not file a sur-reply without leave of the Court and a showing of good cause.

    g. <u>Supplemental Authorities</u>. A party may bring supplemental authorities to the Court's attention without seeking prior leave of the Court but should refrain from using the submission of supplemental authorities as an opportunity to reargue issues or to respond to arguments made in an opposing brief. Although the submission of supplemental authorities should not be made by letter to the clerk, but rather in a pleading filed in the usual manner, the parties are otherwise directed to follow the procedures set forth in Federal Rule of Appellate Procedure 28(j).

13. **Motions to Dismiss**

The parties are reminded that a motion to dismiss presenting matters outside the pleadings may be converted to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). If a motion to dismiss presents matters outside the pleadings, then all parties must comply fully with the following instructions regarding motions for summary judgment.

14. **Motions for Summary Judgment**

    a. <u>Cases Involving Judicial Review of Agency Action</u>: In accordance with Local Rule 7(h)(2), each motion for summary judgment and opposition thereto shall incorporate a statement of facts with references to the record. The parties must furnish precise citations to the portions of the record on which they rely; the Court need not consider materials not specifically identified. *See* Fed R. Civ. P. 56(c)(3).

    b. <u>FOIA Cases</u>: The agency shall provide search declarations and *Vaughn* indices, if any, to the requester prior to seeking a pre-motion conference.

    c. <u>All Other Cases</u>:
        i. *Pre-motion Filing*. If a party wishes to move for summary judgment, it must request that the Court schedule a pre-motion conference. To so request, the moving party shall submit a short notice via CM/ECF, not to exceed six double-spaced pages in length, setting forth the basis for the anticipated motion, including the legal standards and the claims at issue. Other parties shall respond by filing, within one week, a document of similar length setting forth their anticipated responses to the proposed motion. The Court will review and discuss with counsel any anticipated summary judgment motions at the pre-motion conference. This requirement shall not apply to incarcerated pro se litigants.
        ii. *Statement of Material Facts*. The Court strictly adheres to the dictates of Local Civil Rule 7(h), which requires each party submitting a motion for summary judgment to attach a separate, concise statement of material facts for which that party contends there is no genuine dispute. For each statement of fact, the parties must furnish precise citations to the portions of the record on which they rely. *See*

      Fed. R. Civ. P. 56(c)(3).
  a) <u>The moving party's statement of material facts</u> shall be a short and concise statement, in numbered paragraphs, of all material facts as to which the moving party claims there is no genuine dispute. The statement must contain only one factual assertion per numbered paragraph, and each factual assertion must include a precise citation to the relevant portion of the record.
  b) <u>The party responding to a statement of material facts</u> must respond to each statement with a correspondingly numbered paragraph, restating the movant's statement, and indicating whether that paragraph is undisputed or not. *See* Appendices 1 & 2. The Court may assume that facts identified by the moving party in its statement of material facts are undisputed, unless such facts are controverted in the statement filed in opposition to the motion *and are supported by a precise citation to the controverting evidence*. *See* LCvR 7(h). If the responding party has additional facts that are not directly relevant to its response, it must identify such facts in consecutively numbered paragraphs at the end of its responsive statement of facts. If additional factual allegations are made, the opponent must file a separate responsive statement of its own.
  c) If a paragraph is undisputed only in part, the party must specifically identify which parts are undisputed and which parts are disputed.

15. **Stipulations and Joint Motions for Protective Orders**

   a. The parties may elect to file a stipulation that will become a part of the record. The parties may not stipulate to extended deadlines, stays, or other matters altering the timing of the litigation or any other order of the Court. No such stipulation shall be considered an enforceable Court order unless and until the Court signs the agreement.
   b. If the parties desire for this Court to sign any such stipulation or enter an order approving it, they must file a motion making that request. The motion must explain why cause exists for the Court to approve the stipulation, and the parties must submit the text of the proposed stipulation as an attachment to the motion.
   c. Joint motions to approve stipulated protective orders must contain a statement of good cause. *See* Fed. R. Civ. P. 26(c); *Klayman v. Jud. Watch, Inc.*, 247 F.R.D. 19, 23 (D.D.C. 2007).

16. **Motions for Extension of Time or Continuance**

Extensions or enlargements of time will only be granted upon motion, and not upon stipulation by the parties. Any party seeking an extension must make a meaningful effort to ascertain the opposing party's position with respect to the extension before filing a motion; an eleventh-hour telephone or email message left for opposing counsel, for example, will not typically satisfy the meet-and-confer requirement. **Absent extraordinary circumstances, contested motions for extension of time shall be filed at least three business days before the relevant deadline.**

Motions for a continuance or other scheduling change must include alternative dates that have been agreed to by all parties. Requests that do not include an alternative date acceptable to all parties may be denied.

17. **Citation Matters and Cited Authorities**

    Parties shall cite to the U.S. Code rather than to a separately enumerated statute (*e.g.*, "8 U.S.C. § 1182" instead of "INA § 212"). Parties citing to unpublished cases or other materials available only on fee-based databases shall cite to Westlaw, not Lexis, wherever possible. In cases involving pro se litigants, counsel shall, when serving a memorandum of law (or other submission to the Court), provide the pro se litigant with copies of cases or other authorities cited therein that are unpublished or reported exclusively on computerized databases.

    All record citations, including to briefs, shall be to the ECF-generated page numbers at the top of the documents (*e.g.*, ECF No. 50 at 5). For references to documents not previously filed on ECF, the parties should cite to the internal pagination within the document (*e.g.*, Pl.'s Mem. at 10).

    If the document is organized by sections or numbered paragraphs, the parties shall provide the section or paragraph (*e.g.*, Compl. ¶ 25).

18. **Settlement**

    The parties are expected to evaluate their respective cases for the purposes of settlement. The Court encourages the use of alternative dispute resolution, such as mediation or neutral case evaluation. The use of these methods is available at any time. If counsel are interested in pursuing these options, they may contact Chambers. If the case settles in whole or in part, counsel shall promptly advise the Court.

Date:   December 4, 2025               _____
                                       ZIA M. FARUQUI
                                       UNITED STATES MAGISTRATE JUDGE

## APPENDIX 1: SAMPLE STATEMENT OF UNDISPUTED MATERIAL FACTS

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JANE DOE,**　　Plaintiff,　　v.　**JOHN ROE,**　　Defendant. | No. \_-cv-\_\_-ZMF |

## DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On December 5, 2019 at approximately 5:00 p.m. Plaintiff was in her car and was traveling eastbound on C St. NW, approaching the intersection with 3rd St. NW. *See* Def.'s Mot. for Summ. J., Ex. 2 at 2–3, Doe Dep., ECF No. 22-3.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*OR\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| 1. On December 5, 2019 at approximately 5:00 p.m. Plaintiff was in her car and was traveling eastbound on C St. NW, approaching the intersection with 3rd St. NW. *See* Def.'s Mot. for Summ. J., Ex. 2 at 2–3, Doe Dep., ECF No. 22-3. | |

# APPENDIX 2: SAMPLE RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>      v.<br><br>JOHN ROE,<br><br>    Defendant. | No. _-cv-__-ZMF |

## PLAINTIFF'S RESPONSE TO THE DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

    1.     On December 5, 2019 at approximately 5:00 p.m. Plaintiff was in her car and was traveling eastbound on C St. NW, approaching the intersection with 3rd St. NW. *See* Pl.'s Opp'n to Def.'s Mot. for Summ. J., Ex. 4, Roe Dep. at 7–9, ECF No. 23-5.

    <u>Plaintiff's Response</u>: Undisputed.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*OR\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| 1. On December 5, 2019 at approximately 5:00 p.m. Plaintiff was in her car and was traveling eastbound on C St. NW, approaching the intersection with 3rd St. NW. *See* Pl.'s Opp'n to Def.'s Mot. for Summ. J., Ex. 4, Roe Dep. at 7–9, ECF No. 23-5. | 1. Undisputed. |