THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID MCCOY, | ) |
|     *Plaintiff*, | ) |
| v. | ) Case No. 1:25-cv-3531 |
| YELP INC., | ) |
|     *Defendant.* | ) |

**DEFENDANT'S REPLY IN SUPPORT OF YELP'S MOTION TO DISMISS**

McCoy's Opposition misstates the law and cannot salvage his untimely and deficient claims. The Complaint: (i) fails to allege facts to support equitable tolling for wrongful termination (Count I); (ii) shows that McCoy is not a "qualified individual" for wrongful termination (Count I) and wrongful failure-to-hire (Counts II and III) purposes; and (iii) omits the requisite causal nexus to establish a claim for retaliation (Count IV). Accordingly, all of McCoy's claims fail, and the Complaint should be dismissed in its entirety.

### I.    ARGUMENT

**A. McCoy Fails To Establish That Equitable Tolling Applies**

First, McCoy's assertion that equitable tolling is inappropriate for resolution at the motion-to-dismiss stage is incorrect. Even at this stage, a plaintiff must meet the "weighty burden" of satisfying the requirements for equitable tolling. *Braxton v. First Transit*, 322 F. Supp. 3d 110, 116 (D.D.C. 2018) (rejecting argument that medical condition warranted equitable tolling and granting motion to dismiss).

The authorities McCoy cites do not support his position. *Davis v. District of Columbia*, 158 F.3d 1342 (D.C. Cir. 1998) concerns unrelated Section 1983 litigation and does not address

1

tolling for alleged health reasons or otherwise. And the case McCoy cites for the proposition that "tolling issues" are "not resolvable" on a motion to dismiss, *Saunders v. Mills*, 618 F. Supp. 2d 46, 50 (D.D.C. 2009), is miscited and does not exist. *See* Opp. at 4. Instead, two decisions bear that title: *Saunders v. Mills*, 172 F. Supp. 3d 74 (D.D.C. 2016) and *Saunders v. Mills*, 842 F. Supp. 2d 284 (D.D.C. 2012). The 2016 summary judgment decision discusses Title VII's exhaustion requirement and the merits of discrimination and retaliation claims and has no bearing here. The 2012 decision rejects tolling and grants dismissal at the pleading stage—the opposite of what McCoy argues.

In short, McCoy does not meet his burden. The allegation that he was undergoing cancer treatment, without more, is insufficient to support equitable tolling, even at the motion-to-dismiss stage.[1] Because the Complaint fails to explain how treatments prevented timely filing, equitable tolling is unavailable.

McCoy also attempts to rely on post-termination communications with Yelp's HR to invoke equitable tolling. *See* Opp. at 3. But the Complaint alleges only that Yelp told him he "could contact" HR following his termination in 2022 (*see* Compl. ¶ 13), not that Yelp promised to rehire him or discouraged litigation. McCoy cannot plausibly allege that HR's general courtesy in discussing leave extensions pre-termination induced him not to file suit, that Yelp led him to believe litigation was unnecessary, that HR made any binding promises, or that Yelp engaged in any misconduct that "lulled [him] into inaction." *Davis*, 880 F. Supp. 2d at 161.

---

[1] *See Horsey v. U.S. Department of State*, 170 F. Supp. 3d 256, 267 (D.D.C. 2016) (terminal illness of plaintiff's father "manifestly insufficient" to establish equitable tolling); *Miller v. Rosenker*, 578 F. Supp. 2d 67, 72 (D.D.C. 2008) (allegation that plaintiff was "physically and psychologically incapacitated" insufficient to establish equitable tolling); *Speiser v. U.S. Dept. of Health & Human Services*, 670 F. Supp. 380, 385 (D.D.C. 1986), *aff'd*, D.C. Cir., 818 F.2d 95 (hospitalization and depression insufficient, without more, to establish equitable tolling).

McCoy has thus not pleaded any facts showing that "an extraordinary circumstance stood in [his] way" of timely filing a claim. *Braxton*, 322 F. Supp. 3d at 116. Accordingly, McCoy's wrongful termination claim (Count I) is time-barred and should be dismissed.

**B. McCoy Cannot Establish That He Was Qualified For the Positions at Issue**

McCoy likewise contends that whether telephonic communications are an "essential function" of a job is a question of fact that categorically cannot be decided on a motion to dismiss (*See* Opp. at 5), but his cited authorities are inapposite. *Langon v. Dep't of Health & Human Servs.*, 959 F.2d 1053 (D.C. Cir. 1992) involved review of a summary judgment decision, not a motion to dismiss, and thus does not support McCoy's contention. And, contrary to McCoy's characterization, *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65 (D.C. Cir. 2015) does not address the plaintiff's alleged qualifications and is therefore irrelevant.

McCoy's contention is incorrect. A plaintiff may "plead himself out of Court" where the Complaint's allegations make clear that he was "physically incapable" of performing the essential functions of a job. *See Badwal v. Board of Trustees of the University of the District of Columbia*, 139 F. Supp. 3d 295, 310 (D.D.C. 2015). Here, McCoy alleges that he "experienced significant breathing difficulties while on the telephone" and told his manager he "could not breathe on calls." Compl. ¶ 9. A person who cannot breathe on calls cannot perform the essential functions of a telephonic sales job.

McCoy responds that because he allegedly requested and discussed potential accommodations with Yelp, he has sufficiently pleaded that he could perform the essential functions of the 2019 Account Executive role. *See* Opp. at 4. Citing *Ward v. McDonald*, 762 F.3d 24, 31 (D.C. Cir. 2014), McCoy argues that a plaintiff "need not plead the precise accommodation requested." *See* Opp. at 5. But this language appears nowhere in *Ward*, which discusses summary

3

judgment and does not address pleading standards.  *See Ward*, 762 F.3d at 31.  McCoy's allegation that Yelp discussed potential accommodations with him does not supply the necessary factual basis to allow the Court to conclude that a reasonable accommodation actually existed that would have enabled him to perform that telephonic sales role, and his failure to identify any such accommodation underscores the point.  Where, as here, the pleaded facts do not permit the Court, "drawing on its judicial experience and common sense," to infer more than the "mere possibility of misconduct," a complaint fails to show that the plaintiff is entitled to relief.  *Elzeneiny v. District of Columbia*, 699 F. Supp. 2d 31, 33 (D.D.C. 2010).

Likewise, McCoy does not plausibly allege that he was qualified for the 2025 Account Manager position.  That he allegedly advanced past a preliminary interview does not establish that he could perform the position's essential functions in light of his contradictory assertions of inability to breathe on calls, and McCoy again identifies no specific accommodation that would have allowed him to perform that job.

In sum, absent alleged facts to plausibly suggest that he could perform the essential functions of either job with a reasonable accommodation, McCoy has not sufficiently alleged that he is a "qualified individual" under the ADA or DCHRA.  McCoy's claims for wrongful termination (Count I) and wrongful failure-to-hire (Counts II and III) should therefore be dismissed.

### C. McCoy Fails To Plead Facts Supporting Any Inference of Causation

Finally, McCoy's retaliation claim (Count IV) fails because he has not alleged facts linking any protected activity to Yelp's May 2025 failure to rehire him.  To state a prima facie retaliation claim under the ADA or DCHRA, a plaintiff must allege that "he engaged in protected activity,

that he suffered an adverse action, and that a causal link connects the two." *Congress v. Dist. of Columbia*, 277 F. Supp. 3d 82, 89 (D.D.C. 2017).

McCoy supplies no factual allegations from which the Court could infer the required causal connection. McCoy alleges only that he "engaged in protected activity by requesting accommodations and medical leave during his employment, and by participating as a witness in a matter adverse to Yelp," and that Yelp "retaliated against [McCoy] for engaging in protected activity by refusing to rehire him in May 2025." Compl. ¶ 31. But again, he does not allege when any of this purported protected activity occurred, or that his "participation as a witness" even preceded the May 2025 hiring decision.

McCoy's allegation that Yelp rejected his candidacy "two days after interviewing him" does not supply the connection. A properly pled retaliation claim must allege a causal link between the *protected activity* and the *adverse action*. *Congress*, 277 F. Supp. 3d at 89. Here, the alleged protected activity is "requesting accommodations and medical leave during [] employment" and "participating" as an adverse witness in some other unspecified matter. Compl. ¶ 31; *see* Opp. at 6. Because the job interview is not a protected activity, the timing of Yelp's decision relative to the interview is irrelevant and cannot support the causal link that McCoy must plead.[2]

Because McCoy fails to plead any facts showing the necessary "causal link" between a protected activity and the alleged retaliation, McCoy's retaliation claim (Count IV) should be dismissed as well.

---

[2] McCoy also misstates the holding of *Baloch v. Norton*, 517 F. Supp. 2d 345 (D.D.C. 2007): it does not support his argument or contain the language he attributes to it. *See* Opp. at 6.

## **CONCLUSION**

For the reasons above, Yelp respectfully requests that the Court dismiss the Complaint in its entirety.

Dated: December 8, 2025              Respectfully submitted,

                                                   /s/ Serine Consolino
Serine Consolino (Bar No. 1033847)
Sherry Yu (Bar No. 1735795)
AEGIS LAW GROUP LLP
801 Pennsylvania Avenue, N.W., Suite 740
Washington, D.C. 20004
Tel: (202) 737-3373
Fax: (202) 735-5071
sconsolino@aegislawgroup.com
syu@aegislawgroup.com

*Counsel for Defendant Yelp Inc.*