**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DAVID MCCOY,**<br>Plaintiff,<br>v.<br>**YELP INC.,**<br>Defendant. | Civil Action No. 1:25-cv-03531-ZMF |

# JOINT MEET AND CONFER REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 16.3, Paragraph 7 of the Court's Standing Order (ECF No. 17), and the Court's Minute Order of October 9, 2026, Plaintiff David McCoy ("Plaintiff") and Defendant Yelp Inc. ("Defendant") (together, the "Parties") respectfully submit this Joint Meet and Confer Report. Counsel for the Parties conferred by videoconference on September 30, 2026. A proposed Scheduling Order is attached.

## I. STATEMENT OF THE CASE AND BASIS FOR JURISDICTION

### A. Nature of the Case

This is an employment discrimination and retaliation action. Plaintiff is a former Senior Account Executive for Defendant whose employment ended in 2022. Plaintiff alleges that in 2025, after he recovered from cancer and applied for an Account Manager position, Defendant refused to rehire him because of his disability and retaliated against him, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the District of Columbia Human Rights Act, D.C. Code § 2-1401.01 *et seq.* ("DCHRA").

Plaintiff commenced this action in the Superior Court of the District of Columbia, and Defendant removed it to this Court. On August 28, 2026, the Court granted in part and denied in part Defendant's motion to dismiss, dismissing Count I (wrongful termination under the DCHRA) as time-barred. The claims that remain are Counts II and III (failure to rehire under the ADA and

the DCHRA) and Count IV (retaliation). Defendant filed its Answer and Affirmative Defenses on September 11, 2026.

**B. Defenses**

Defendant denies that it discriminated or retaliated against Plaintiff and denies that Plaintiff is entitled to any relief. Defendant has asserted nine affirmative defenses, including that Plaintiff failed to exhaust administrative remedies, that Plaintiff was not a qualified individual, that Defendant acted for legitimate, non-discriminatory and non-retaliatory reasons, that Defendant would have made the same decision in any event, and that Plaintiff's recovery is limited by after-acquired evidence. Plaintiff disputes each of these defenses.

**C. Jurisdiction**

The Court has original jurisdiction over Plaintiff's ADA claim under 28 U.S.C. § 1331 because that claim arises under the laws of the United States. The Court has supplemental jurisdiction over Plaintiff's DCHRA claims under 28 U.S.C. § 1367(a) because those claims arise from the same events and form part of the same case or controversy. Defendant removed this action under 28 U.S.C. §§ 1441 and 1446. Defendant's defenses arise under the same statutes and require no independent basis for jurisdiction. The Parties do not dispute the Court's subject-matter jurisdiction.

## II. MATTERS LISTED IN LOCAL CIVIL RULE 16.3(c)

**1. Dispositive Motions.** Defendant's motion to dismiss has been resolved, and no dispositive motion is pending. Defendant anticipates filing a dispositive motion after discovery, and Plaintiff anticipates opposing it. The Parties agree that discovery should proceed now and need not await any motion.

**2. Joinder, Amendment, and Narrowing of Issues.** The Parties propose November 2, 2026 as the deadline to join additional parties or amend the pleadings. The Court's August 28, 2026 ruling has narrowed the claims at issue, and the Parties will continue to confer in good faith about whether the factual and legal issues can be narrowed further as discovery proceeds.

**3. Assignment to a Magistrate Judge.** All Parties agree that this case may be assigned to a Magistrate Judge for all purposes, including trial.

**4. Possibility of Settlement.** The Parties are open to settlement discussions and will continue to evaluate the case for settlement as discovery proceeds.

**5. Alternative Dispute Resolution.** Counsel have discussed ADR, and their response to this provision, with their clients. The Parties are amenable to mediation and agree that mediation would be most productive after some discovery has been completed. The Parties will contact Chambers at that time, as contemplated by Paragraph 18 of the Standing Order. The Parties do not request a stay of discovery or of other pretrial proceedings pending ADR.

**6. Summary Judgment.** As stated in item 1, Defendant anticipates filing a dispositive motion. The Parties propose March 22, 2027 as the deadline for dispositive motions. Because Paragraph 14(c)(i) of the Standing Order requires a pre-motion conference before any motion for summary judgment, the Parties propose that any pre-motion notice be filed on or before March 1, 2027, with any response due within one week, and that the March 22, 2027 deadline be subject to any different date the Court sets at the pre-motion conference. Oppositions and replies will be due as provided in Local Civil Rule 7 unless the Court orders otherwise. The Parties defer to the Court as to the date for a decision.

**7. Initial Disclosures.** The Parties do not propose to dispense with the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) and have agreed to exchange Initial Disclosures on or before October 23, 2026.

**8. Discovery.** Plaintiff anticipates written discovery, document production, and depositions directed principally to his employment and performance records with Defendant, including sales and performance data maintained in Salesforce, and to the records of his 2025 interview for the Account Manager position and the decision not to hire him, including interview notes. Defendant has agreed to produce the notes from the interview to the extent they exist. Defendant anticipates discovery concerning Plaintiff's claims, Defendant's defenses, and Plaintiff's alleged damages.

The Parties do not propose any changes to the limits on discovery imposed by the Federal Rules of Civil Procedure and the Local Civil Rules. The Parties propose December 30, 2026 as the deadline to serve written discovery requests and February 1, 2027 as the date for the completion of fact discovery, including answers to interrogatories, document production, requests for

admission, and fact depositions. The Parties propose March 15, 2027 as the date for the completion of expert discovery.

The Parties agree that a protective order governing confidential information is appropriate. The Parties will file a joint motion for entry of a stipulated protective order that includes a statement of good cause, as required by Paragraph 15(c) of the Standing Order. Any discovery dispute will be handled under Paragraph 10(b) of the Standing Order.

**9. Electronically Stored Information.** The Parties do not presently anticipate any issues about the disclosure, discovery, or preservation of electronically stored information. The Parties will confer in good faith regarding the form of production and will raise any dispute with the Court under Paragraph 10(b) of the Standing Order.

**10. Privilege and Work Product.** The Parties do not presently anticipate any issues about claims of privilege or of protection as trial-preparation material. Any such claims will be asserted in accordance with Federal Rule of Civil Procedure 26(b)(5).

**11. Expert Witnesses.** Neither Party presently anticipates designating an expert witness. To preserve the Parties' ability to do so, the Parties propose that opening expert disclosures and reports under Federal Rule of Civil Procedure 26(a)(2) be served by February 1, 2027, rebuttal expert disclosures and reports be served by March 3, 2027, and that expert discovery, including any expert depositions, be completed by March 15, 2027. The Parties do not otherwise propose any modification to the requirements of Rule 26(a)(2).

**12. Class Action Procedures.** This is not a class action.

**13. Bifurcation.** The Parties agree that neither discovery nor trial should be bifurcated or managed in phases.

**14. Pretrial Conference.** The Parties propose that the pretrial conference be held no earlier than September 2027, on a date to be set by the Court.

**15. Trial Date.** The Parties propose that the Court set the trial date at the pretrial conference rather than at the first scheduling conference.

**16. Other Matters.** The Parties have no other matters to propose for inclusion in the Scheduling Order.

## III. MATTERS LISTED IN FEDERAL RULE OF CIVIL PROCEDURE 26(f)(2) AND (3)

The Parties have discussed the nature and basis of their claims and defenses, the possibilities for promptly settling or resolving the case, the Rule 26(a)(1) disclosures, and the preservation of discoverable information. The Parties' discovery plan under Rule 26(f)(3) is set out above: initial disclosures in item 7 (Rule 26(f)(3)(A)); the subjects, timing, and limits of discovery in item 8 (Rule 26(f)(3)(B) and (E)); electronically stored information in item 9 (Rule 26(f)(3)(C)); privilege and work product in item 10 (Rule 26(f)(3)(D)); and the protective order the Parties will request in item 8 (Rule 26(f)(3)(F)).

## IV. REQUEST FOR A CONFERENCE

The Parties do not request a conference with the Court before entry of the Scheduling Order.

Dated: October 15 2026

Respectfully submitted,

/s/ Vanessa-Nola Pratt
Vanessa-Nola Pratt (D.C. Bar No. 1003480)
The V-Law Group, PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
(202) 508-8259
vanessa.pratt@v-lawgroup.com
*Counsel for Plaintiff David McCoy*

/s/ Serine Consolino
Serine Consolino (D.C. Bar No. 1033847)
Cassandra Sam Hastie (D.C. Bar No. 1063421)
Aegis Law Group LLP
801 Pennsylvania Avenue NW, Suite 740
Washington, DC 20004
(202) 737-3500
sconsolino@aegislawgroup.com
chastie@aegislawgroup.com
*Counsel for Defendant Yelp Inc.*